IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HARRY DELANDRO and DEBRA MALOY, | ) | |
| individually and on behalf of a class of others | ) | |
| similarly situated, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs | ) | Civil Action No. 06-927 |
| | ) | |
| THE COUNTY OF ALLEGHENY, | ) | |
| RAMON C. RUSTIN, individually and in his | ) | |
| official capacity as Warden of the Allegheny | ) | |
| County Jail, EDWARD D. URBAN, | ) | |
| individually and in his official capacity as | ) | |
| Deputy Warden of the Allegheny County Jail, | ) | |
| GREGORY E. GROGAN, individually and in | ) | |
| official capacity as Deputy Warden of the | ) | |
| Allegheny County Jail, LANCE E. BOHN, | ) | |
| individually and in his capacity as Deputy | ) | |
| Warden of the Allegheny County Jail, and | ) | |
| WILLIAM L. EMERICK, individually and in | ) | |
| capacity as Assistant Deputy Warden of the | ) | |
| Allegheny County Jail, | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION

I. Recommendation:

It is respectfully recommended that the defendants' motion to dismiss the

amended complaint, or for summary judgment (Document No. 8), treated as a motion to dismiss,

be denied.

II. Report:

Presently before the Court is the defendants' motion to dismiss the amended

complaint or, in the alternative, for summary judgment.  For reasons discussed below, we will

treat the defendants' motion as one to dismiss the amended complaint and recommend that it be denied.

The plaintiffs, Harry Delandro and Debra Maloy, have filed an amended civil rights complaint against defendants Allegheny County and several officials of the Allegheny County Jail ("ACJ"), namely: ACJ Warden Ramon Rustin, ACJ Deputy Wardens Edward Urban, Gregory Grogan and Lance Bohn, and ACJ Assistant Deputy Warden William Emerick.  The plaintiffs complain that the defendants violated their Fourth Amendment rights to be free from unreasonable searches, as they were subjected to unreasonable strip searches at ACJ after being charged with non-felony offenses.

According to the plaintiffs, Allegheny County's Bureau of Corrections has a policy and practice of strip searching all individuals entering ACJ who are placed in jail clothing, regardless of their criminal charge, and without reasonable suspicion to believe they are concealing a weapon or contraband.  This policy is said to be derived from written procedures of Allegheny County's Bureau of Corrections and promulgated by the individual defendants.

With respect to plaintiff Harry Delandro, it is alleged that on the night of April 19, 2006, he was arrested at his home on non-felony charges[1]; that his arrest lacked any reasonable suspicion that he harbored weapons or contraband; that he was placed in a holding cell for the night, and the following morning, he was provided with jail clothes and strip searched; that the next day, he was taken to processing so he could prepare to go to Court, after which he saw a hearing officer who ordered that he be released; and that upon returning to ACJ, he was put in

---

1.    It is alleged in the amended complaint that Delandro was arrested for failing to pay child support, but jail records show he was arrested for the offense of direct criminal contempt.

another holding cell and strip searched again, before he was released that evening.

As to plaintiff Debra Maloy, it is alleged that on the morning of February 23, 2006, she was arrested on non-felony counts of making false reports to a law enforcement officer, driving with a suspended license, and careless driving[2]; that she was arraigned, denied bail and taken to ACJ; that she was subjected to an initial search and taken to a holding cell, where she remained for approximately seventeen hours; that the following day, she was strip searched by a female guard, at which time male detainees and another female detainee could view her body; and that six days after her arrest, she was released on her recognizance by a judge.

The plaintiffs bring this action on behalf of themselves and a purported class of individuals who were charged with misdemeanors or minor crimes and were strip searched upon entering ACJ.  The plaintiffs seek monetary damages for themselves and proposed class members, a declaratory judgment that the aforesaid policy and practice of Allegheny County is unconstitutional, and an injunction to bar the defendants from continuing their complained-of acts.  The Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1331.

In response to the amended complaint, the defendants have filed a motion to dismiss, or for summary judgment.  They argue that Allegheny County has a policy for strip searches that is in conformity with the law, and that the strip searches of the named plaintiffs in this case was permissible.

The Fourth Amendment of the United States Constitution prohibits unreasonable searches.  Bell v. Wolfish, 441 U.S. 520, 558 (1979).  In Wolfish, the Court stated:

---

2.   Jail records confirm that Maloy was arrested for the offenses of false reports to a law enforcement officer, driving with privileges suspended/revoked, and careless driving.

> The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application. In each case, it requires a balancing of the need for the particular search against the invasion of personal rights that the search entails.  Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted.

Id. at 559.

In Wolfish, the Supreme Court reviewed a policy which subjected inmates including pretrial detainees to strip and body cavity searches after every contact visit with someone from outside the institution.  In balancing the need for institutional safety with the intrusion upon an inmate's personal rights, the Court in Wolfish explained: "[a] detention facility is a unique place fraught with serious security dangers.  Smuggling of money, drugs, weapons, and other contraband is all too common an occurrence."  Id.  However, "[w]e do not underestimate the degree to which these [strip] searches may invade the personal privacy of inmates."  Id. at 560.  Recognizing that "a security guard may conduct the search in an abusive fashion", the Court in Wolfish emphasized "[t]he searches must be conducted in a reasonable manner."  Id.

To be reasonable in light of Wolfish, Courts have concluded that "strip and visual body cavity searches must be justified by at least a reasonable suspicion that the arrestee is concealing contraband or weapons."  Swain v. Spinney, 117 F.3d 1, 7 (1st Cir. 1997), citing Justice v. Peachtree City, 961 F.2d 188, 192 (11th Cir. 1992); Masters v. Couch, 872 F.2d 1248, 1255 (6th Cir. 1989);  Weber v. Dell, 804 F.2d 796, 802 (2d Cir. 1986); Stewart v. Lubbock County, 767 F.2d 153, 156 (5th Cir. 1985); Giles v. Ackerman, 746 F.2d 614, 615 (9th Cir. 1984); Mary Beth G. v. City of Chicago, 723 F.2d 1263, 1273 (7th Cir. 1983).  Accord, Owens v. County

of Delaware, 1996 WL 476616, *17-*18 (E.D.Pa., Aug. 15, 1996), aff'd., 116 F.3d 469 (3d Cir. 1997) (law enforcement personnel may conduct strip searches of arrestees "provided that they have reasonable suspicion that the individual possesses a weapon or is harboring contraband"); Ernst v. Borough of Fort Lee, 739 F.Supp. 220, 223-224 (D.N.J. 1990) (citing cases).

In support of their motion to dismiss, or for summary judgment, the defendants have submitted the policy of ACJ as it pertains to strip searches, as well as jail records of plaintiffs Delandro and Maloy.[3]  The April 12, 2000 policy of Allegheny County, which entails Administrative Directive # 16 (the "policy"), provides in pertinent part:

> New arrestees/pretrial detainees not charged with violent crimes may be strip searched, if there is reasonable belief, individualized suspicion, or knowledge that a detainee is carrying or concealing contraband.  Individualized suspicion sufficient to warrant a strip search, may be based on such factors as the nature of the offense, the detainee's appearance and conduct or any prior arrest record, especially where there is a prior record of escape, drug related offenses or crimes committed by violence.[4]

The policy further provides:

> The search/strip search/visual body check should be conducted in an area where the prisoner is in view of only those officers in charge of the search/check and done in a professional and non-humiliating manner...[5]

Our review of Allegheny County's policy and the plaintiffs' jail records does not compel us to assess the defendants' current motion as one for summary judgment, for "a

---

3.    See, jail records of Harry Delandro and Debra Maloy, and April 12, 2000 policy of Allegheny County, which are attached as exhibits to the defendants' brief (Document No. 9).

4.    See, the policy at p. 2.

5.    See, the policy at p. 3.

defendant may supplement the complaint by adding exhibits such as public records and other indisputedly authentic documents underlying the plaintiff's claims." Sentinel Trust Co. v. Universal Bonding Ins. Co., 316 F.3d 213, 216 (3d Cir. 2003). Thus, we will treat the defendants' motion as one to dismiss the amended complaint. In reviewing a motion to dismiss, all well-pleaded allegations of the complaint must be accepted as true and viewed in a light most favorable to the non-movant. Estelle v. Gamble, 429 U.S. 97 (1976); Shaev v.Saper, 320 F.3d 373, 375 (3d Cir. 2003).

As gleaned from the amended complaint, the plaintiffs allege that the defendants have instituted a "policy, custom or practice of strip searching all individuals who enter the custody of [ACJ] and are placed in jail clothing, regardless of the nature of their charged crime and without the presence of reasonable suspicion to believe that the individual was concealing a weapon or contraband" (amended complaint at ¶ 29); that plaintiff Delandro was arrested on non-felony charges, and his arrest lacked any reasonable suspicion that he harbored any weapons or contraband, yet he was strip searched twice during his one day confinement at ACJ, and he was able to observe other individuals being strip searched while he awaited his turn to be searched (amended complaint at ¶¶ 37-45); and that plaintiff Maloy was arrested on non-felony charges and strip searched by a female guard after being placed in a holding cell at ACJ, but male detainees and another female detainee who was being strip searched next to Maloy could view her body during the search (amended complaint at ¶¶ 47-52).

It is well settled that a municipality may be held liable for civil rights violations where conduct pursuant to its policy or custom causes a constitutional violation. Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 691 (1978). Accepting as

true the allegations in the amended complaint, the plaintiffs have stated a viable claim that the defendants violated their Fourth Amendment rights to be free from unreasonable searches.

Therefore, it is recommended that the defendants' motion to dismiss the amended complaint, or for summary judgment (Document No. 8), treated as a motion to dismiss, be denied.

Within thirteen (13) days after being served with a copy, any party may serve and file written objections to this Report and Recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

s/ ROBERT C. MITCHELL
United States Magistrate Judge

Dated: December 7, 2006