## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HARRY DELANDRO and KAREN MURPHY,** | ) | |
| **individually and on behalf of a class of others** | ) | |
| **similarly situated,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 06-927** |
| | ) | |
| **THE COUNTY OF ALLEGHENY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM ORDER

Now pending before the Court is the NOTICE OF APPEAL with attached

APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR

COSTS filed by pro se petitioner/class member Thomas Crock (Doc. No. 190) relative to the

denial of his May 4, 2012 petition in this Court regarding the distribution of the residual class

action settlement funds from this case to the Court designated *cy pres* beneficiary. *See* Doc. Nos.

187 & 188. Crock had proposed distribution to "the following suggested recipient, *cy pres*:

Allegheny County Bar Assoc. – towards a substantive Pro Bono program", *id.*, as opposed to the

Neighborhood Legal Services of Allegheny County ("NLSA"), the previously designated *cy pres*

beneficiary in the Court's May 24, 2011 Order Granting Final Approval of Class Action

Settlement and Judgment following the Final Fairness Hearing. *See* Doc. No. 169. Crock's

petition was denied on May 25, 2012 (Doc. No. 188), and Class Counsel was directed to

distribute the remaining balance of the settlement funds to NLSA (Doc. No. 189). Crock's

appeal and application to proceed *in forma pauperis* ("IFP") once again proposes to challenge

that *cy pres* designation and distribution to NLSA. Doc. No. 190. For the reasons that follow,

the IFP application will be denied as questionably qualified, untimely, and frivolous.

Applications for IFP status are governed by 28 U.S.C. § 1915. A district court must use "a two-step analysis in evaluating motions to proceed under § 1915. First, the district court evaluates a litigant's financial status and determines whether [he] is eligible to proceed [IFP] under § 1915(a). Second, the court assesses the complaint [or appeal] under § 1915([e]) to determine whether it is frivolous." *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990).

If the litigant is indigent, IFP status ordinarily should be granted. *Gibbs v. Ryan*, 160 F.3d 160, 161 n. 1 (3d Cir. 1998). In his application, Crock has represented that he has no job, no money, and no assets. Doc. No. 190. At the same time, however, the Court notes that Crock did receive a cash distribution of $1,047.90 as a class member in this case, and that sum is not reflected in his cash or assets recitation. *Id.* As such, for the purpose of the first step of the analysis, the Court does not have the ability to conclude that Plaintiff is indigent and therefore eligible for IFP status. At the same time, the Court also recognizes that Crock may very well be indigent notwithstanding the receipt of settlement proceeds in this case, and will proceed to the second step of the inquiry.

The second step of the analysis is governed by 28 U.S.C. § 1915(e)(2), which states, in relevant part: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court **shall dismiss the case** at any time if the court determines that-- . . . (B) the action or appeal-- (i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted." (Emphasis added). The Court may dismiss IFP requests sua sponte "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Section 1915(e)(2)(B)(i) "authorizes the dismissal of a[n IFP appeal] as factually frivolous if a court determines that the contentions are clearly baseless." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When determining whether a complaint or appeal is frivolous, the Court need not accept the factual allegations as true, but must "pierce the veil" of the appeal to determine if the allegations are "fanciful," "fantastic," or "delusional." *Id.*

The Fairness Hearing on the settlement agreement was conducted by the Court on March 1, 2011. The final approval of the class action settlement, including the Court's approval of the *cy pres* provisions of the settlement agreement, was entered by Order of Court on May 24, 2011. Doc. No. 169. Crock did not appear or register any objections to the provisions of the settlement agreement prior to the final approval on May 24, 2011. Instead, Crock untimely objected to NLSA as the *cy pres* beneficiary and proposed an alternative beneficiary, which was denied by the Order of Court of May 25, 2012. Doc. No. 188. As Crock was previously informed, the issue of a *cy pres* beneficiary of funds ultimately remaining in the settlement fund was fully discussed, litigated, and decided by consensus at the March 1, 2011 Final Fairness Hearing in this matter, and the NLSA was so designated in paragraph 19 of the Court's order granting final approval of the class action settlement and judgment filed on record on May 24, 2011. Taken together, not only does Crock continue to repeatedly pursue his subjective disagreement with the provisions of the final settlement regarding distribution of any remaining funds (a matter that had previously been litigated fully in the proceeding) with nothing more than bald assertions, he does so at a stage wholly out of time for such a position to be raised by a class member.

Accordingly, the Court concludes that Crock's Notice of Appeal is untimely and

frivolous and fails to state any plausible legal claim upon which relief may be granted.[1]

Accordingly, pursuant to 28 U.S.C. § 1915(e)(2),  Crock's request to proceed IFP is **DENIED**

**WITH PREJUDICE**.

So ordered this 6th day of July, 2012.


BY THE COURT:

s/Terrence F. McVerry
United States District Judge


cc:     **All Counsel of Record**; and,
        **Thomas Crock, pro se**

---

[1]      The Court notes the affirmation filed by lead Class Counsel describing his recent telephone conversation with Crock wherein Crock admitted holding personal animus toward NLSA as the result of Crock's dissatisfaction over NLSA's "handling of an unrelated social security matter."  *See* exhibit at Doc. No. 193 at ¶ 3.  In view of the fact that the Court finds Crock's request to proceed IFP to be both untimely and frivolous, it does not find it necessary to consider the question of whether Crock's efforts are malicious as well.  As noted herein, the Court finds no legitimate basis for Crock to be able to proceed IFP even without considering any malicious intentions on his part to proceed in the manner in which he has.